**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 16, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JIMMY SEARLES,

Plaintiff-Appellee,

v.

L. E. BRUCE, Warden, Hutchinson
Correctional Facility; STEVEN
DECHANT, Deputy Warden for
KDOC, Hutchinson Correctional
Facility; WILLIAM CUMMINGS,
Deputy Secretary of Corrections for
KDOC,

Defendants-Appellants,

and

KARIM KHALIL GREEN, Chaplain
for KDOC, Hutchinson
Correctional Facility; FNU LNU,
Unknown Security Person,

Defendants.

No. 05-3031
(D.C. No. 01-CV-3379-JTM)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

---

[*]      After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **O'BRIEN**, **HOLLOWAY**, and **BALDOCK**, Circuit Judges.

Defendants-Appellants appeal from the denial of a motion for summary judgment seeking qualified immunity and the denial of a motion to reconsider that ruling. For the reasons stated below, we lack jurisdiction and dismiss the appeal.

## I. Background and Procedural History

Plaintiff-Appellee Jimmy Searles, appearing pro se,[1] was incarcerated as a state prisoner at the Hutchinson Correctional Facility in Hutchinson, Kansas, at all times relevant to the acts that form the basis of his claims in this action. He filed a complaint under 42 U.S.C. § 1983 alleging that defendants denied him the use of Tefillin[2] and a meaningful religious observance of the Jewish festival of Sukkoth in 1999 and 2000, both in violation of his First Amendment right to free exercise of religion.

Defendants filed a motion for summary judgment asserting, *inter alia*, qualified immunity due to lack of personal participation and requesting summary judgment on the merits of plaintiff's claims (First Summary Judgment Motion). The district court denied the motion as to qualified immunity, finding that

---

[1]     Because plaintiff appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

[2]     Tefillin are leather boxes with attached leather straps containing passages from the Torah that are used in Jewish prayer.

plaintiff adequately had alleged personal participation of each of the defendants. The court granted summary judgment on the merits of all of plaintiff's claims except the denial of a "festive meal" of apples and honey, stating that "a factual issue remains concerning whether defendants provided apples as part of the plaintiff's meal in celebration of Rosh Hoshana [sic]." Aplt. App. at 37-38. The court also noted the existence of a "larger issue," namely, "the authorization for festive meals while in segregation," and stated that defendants "offer no rationale for the policy of denying inmates festive meals while in segregation." Id. at 38.

On the record provided to us, it appears that the denial of the festive meal was not raised in the original complaint. Instead, it appears in "Count III" of plaintiff's amended complaint, apparently in the allegation that defendants denied him a meaningful observance of Rosh Hashanah in 2000. Id. at 51.[3] Shortly after plaintiff filed his amended complaint, defendants filed a "supplemental" motion for summary judgment in which they argued that plaintiff failed to establish their personal participation in the denial of the festive meal because his claims were merely conclusory allegations unsupported by any facts (Second Summary Judgment Motion). The district court denied the motion, concluding that whether or not defendants provided plaintiff with a festive meal remained a disputed fact issue. The court also ruled that defendants' citation to

---

[3] The amended complaint was filed in March 2004, nearly five months after the district court ruled on the First Summary Judgment Motion.

§ 20-105(IV)(A) of the Kansas Department of Internal Management Policy and Procedure, which apparently states that inmates in segregation shall be treated as nearly as possible like any other inmate in the general population of the institution or facility,[4] "does not settle the factual dispute at issue here." *Id.* at 63.

Defendants Bruce, DeChant, and Cummings (but not Green) (hereinafter, appellants) then filed a third motion for summary judgment, which was amended three times (Third Summary Judgment Motion). They argued that they are entitled to qualified immunity because there is no clearly established right to a favorable result from the grievance process. They based this argument on the factual assertions set forth in the final pretrial order, namely, that defendant Green denied the festive meal and appellants denied plaintiff's grievances of that denial.

The district court denied the motion, framing plaintiff's claim against appellants as a violation of his constitutional right to have his religiously based dietary requirements accommodated rather than, as appellants had framed it, a violation of his right to a favorable result from the grievance process. Citing its earlier order denying the First Summary Judgment Motion, the court stated that plaintiff had alleged that he was denied a festive meal. The court concluded that,

---

[4] Because we have not found a copy of this section in the appendices, we rely on the district court's representation of its contents.

at the time of the alleged denial, there was a clearly established constitutional right to accommodation of religiously based dietary requirements, and reiterated its concern that appellants offered no rationale for a policy of denying festive meals to inmates in segregation. *Id.* at 141-42. Appellants filed a motion for reconsideration of that order, which the district court denied.

## II. Discussion

Under the collateral order doctrine, "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). However, this jurisdiction is limited to appeals challenging "not which facts the parties might be able to prove, but, rather, whether or not certain given facts showed a violation of 'clearly established' law." *Johnson v. Jones*, 515 U.S. 304, 311 (1995) (quoting *Mitchell*, 472 U.S. at 528). An appellate court, therefore, generally "need not consider the correctness of the plaintiff's version of the facts, nor even determine whether the plaintiff's allegations actually state a claim." *Mitchell*, 472 U.S. at 528.

Based on *Mitchell* and *Johnson*, we lack jurisdiction over this appeal because appellants challenge the denial of qualified immunity on the facts, not the law. Appellants do not argue that the district court erred in ruling that the denial of the festive meal violated plaintiff's clearly established constitutional right to

have his religiously based dietary requirements accommodated.[5]  Instead, they argue that, in the final pretrial order, plaintiff alleges only that they denied his grievances, not that they denied him a festive meal.  They conclude that, because the final pretrial order does not include a claim that appellants had a policy to deny festive meals to inmates in segregation, the alleged policy is irrelevant to the qualified immunity analysis, and the court erred by basing its analysis on it.

In substance, this argument challenges the district court's treatment of plaintiff's remaining claim as one "that defendants . . . denied him a festive meal in celebration of Rosh Hashona [sic] while he was in segregation[,]" Aplt. App. at 138.  Apparently, the district court construed this claim to include the existence of a "policy of denying festive meals while in segregation[,]" *id.* at 142.  By their argument, therefore, appellants ask us to address the nature and extent of their personal participation in the denial of the festive meal based on the wording of the final pretrial order.[6]  This would require us to consider the factual basis of plaintiff's claim rather than a purely legal issue based on certain given facts.

---

[5]     We note that, even if appellants had raised this as an issue, we would affirm the order denying the Third Summary Judgment Motion for substantially the same reasons as the district court.

[6]     We note that the district court expressed its conclusions on appellants' personal participation in an earlier order, albeit prior to the filing of the final pretrial order.  Aplt. App. at 36 (denying qualified immunity because "plaintiff adequately alleged the personal participation of each of the defendants").

Accordingly, we lack jurisdiction under the collateral order doctrine. *See*

*Johnson*, 515 U.S. at 311.[7]

## Conclusion

Because we lack jurisdiction, we **DISMISS** the appeal and **REMAND** this

action to the district court for further proceedings.


Entered for the Court


Terrence L. O'Brien
Circuit Judge

---

[7] We decline to address appellants' alternative argument concerning their proffered rationales for a policy to deny festive meals to inmates in segregation. Appellants raised these arguments in the Second Summary Judgment Motion, the denial of which they have not appealed. It appears that motion did not rely on the qualified immunity defense. Therefore, it is unlikely that appellants could have taken an interlocutory appeal from the order denying it.